UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN V. PETERSON,

    Plaintiff,                                         Hon. Janet T. Neff

v.                                                       Case No. 1:19-cv-360

UNKNOWN JONES, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), filed his pro se complaint in this case on May 5, 2019, against Defendant Unknown Jones and John Doe Corrections Officer. Because Plaintiff is proceeding in forma pauperis, the Court is obligated to order that service be made by a United States Marshal or Deputy Marshal. Fed. R. Civ. P. 4(c)(3). Although the Court has done so, and all reasonable efforts have been made to identify and serve Unknown Jones, the Court has reached a service dead end. Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

In his complaint, Plaintiff alleges that on May 6, 2016, he was in a room at McLaren Hospital in Lansing, Michigan, directly across from the nurses' station. (ECF No. 1 at PageID.1.) Plaintiff alleges that he had no privacy in the room because it had a big window and nurses at the station could see into the room. Plaintiff alleges that "[a]t 3 something in the pm def. Jones and John Doe came to pick [him] up to go back to Ionia Max Corr. Fac." and made him strip to be searched in front of several nurses who were watching, as well as others who were in the hospital.

(*Id.* at PageID.2.) Regarding Unknown Jones, plaintiff alleges that "[t]here are two Jones at [Ionia Max. Corr. Fac.] Troy Jones isn't the defendant." (*Id.* at PageID.1.)

The case was stayed and referred to early mediation. (ECF No. 5.) On August 1, 2019, Assistant Attorney General (AAG) Allan J. Soros made a limited appearance on behalf of Defendant Jones for the purpose of filing a statement to exclude the case from early mediation because Plaintiff was not interested in participating in mediation. (ECF Nos. 6, 7.) Thereafter, the case was removed from early mediation, and an order entered lifting the stay and directing the Marshal to mail a waiver for service to Unknown Jones. (ECF No. 10.) Waivers of service were issued on August 14, 2019, and October 25, 2019, but service was not made. On March 20, 2020, the Marshal filed a Process Receipt and Return indicating that Unknown Jones could not be located. The Marshal attached a letter from E. Smith, the Acting Administrative Assistant at Ionia Correctional Facility, stating that he or she could not accept service on behalf of Unknown Jones because such individual could not be identified. (ECF No. 16.) On August 27, 2020, a third waiver of service was issued, but the Marshal returned it, again stating that Unknown Jones could not be located. (ECF No. 26.)

On October 2, 2020, the Clerk issued a summons for Unknown Jones. The Marshal filed a Return of Service on December 7, 2020, indicating that an individual identified as Unknown Jones had been served on October 30, 2020. (ECF No. 28.) However, Unknown Jones never appeared through counsel.

On January 14, 2021, I issued an Order for Response to AAG Soros as to whether he intended to appear on behalf of Defendant Jones. (ECF No. 34.) On January 19, 2021, AAG Soros filed a response, stating that, in response to the issuance of a waiver of service in August 2019, the Human Resources Department was asked to produce a list of all employees with the surname of

2

Jones who worked at Ionia Correctional Facility (ICF) on May 6, 2016, but no employee named Jones worked that day. (ECF No. 35 at PageID.105.) Additionally, prison staff reviewed Plaintiff's medical record, but there was no record of Plaintiff being transported or obtaining medical services at McLaren Hospital on May 6, 2016. Prison staff also requested McLaren Hospital to provide documentation of an appointment that day, but McLaren could not locate such information. (*Id.*) In addition, Plaintiff's grievance history was reviewed to determine whether a grievance might have resulted in an investigation of the incident, but those records show that Plaintiff did not file any grievances at ICF between March 7 and September 9, 2016. Thus, there was no investigation to review. (*Id.*)

An additional wrinkle remains. Although a summons was served on an MDOC employee named Jones, it appears that this individual did not work at ICF and was not working on the date of the alleged incident. Thus, all reasonable efforts have been made to identify Unknown Jones. Based on the scope of the MDOC's investigation, two possibilities emerge. First, it appears that Plaintiff may have identified the wrong date of the incident. Second, he may have incorrectly identified Unknown Jones as the perpetrator of the alleged constitutional violation. Both may be true.

Although Plaintiff is relieved of his burden to serve process, he is nonetheless obligated to take "reasonable steps . . . to identify for the court the defendants named in the complaint." *Byrd v. Stone*. 94 F.3d 217, 219 (6th Cir. 1996). In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides that where a plaintiff fails to serve a defendant within 90 days after the complaint is filed (or a summons is issued), the "court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless the plaintiff shows good cause for the failure to serve.

3

Here, the record shows reasonable efforts by the Court, as well as the MDOC, to identify Unknown Jones based on the information Plaintiff has provided in his complaint, but such information appears to be inaccurate.

Plaintiff has submitted a declaration and reply to AAG Soros's response, but his declaration does not provide any additional helpful information. Plaintiff restates that Unknown Jones picked him up from McLaren Hospital on May 6, 2016, "at 3 something in the pm," which is the same information the MDOC had to begin with in searching for Unknown Jones. (ECF No. 37.) Plaintiff argues that the Court should require AAG Soros to present affidavits from the persons he referenced in his response, but AAG Soros has not appeared in this case, and the Court has no authority to order AAG Soros provide affidavits. Moreover, because AAG Soros is an officer of the Court, there is no reason to believe that he "will manipulate this entire proceeding," as Plaintiff suggests. (ECF No. 37.)

Accordingly, for the reasons set forth above, I recommend that the Court dismiss Plaintiff's complaint without prejudice as to Unknown Jones and the remaining unnamed party, John Doe, Corrections Officer, for failure to show good cause under Rule 4(m) and to take reasonable steps to provide accurate service information to the Court.

Dated: March 1, 2021                                                  /s/ Sally J. Berens
                                                                      SALLY J. BERENS
                                                                      U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).