UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN V. PETERSON,

    Plaintiff,

v.

    Case No. 1:19-cv-360

    HON. JANET T. NEFF

UNKNOWN JONES, et al.,

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 39) and Plaintiff's Objections (ECF No. 40). Following the submission of Objections, Plaintiff also submitted a Motion to Strike the Objections and Allow Plaintiff to Amend his Complaint (ECF No. 42). For the reasons that follow, the Court approves and adopts the Magistrate Judge's Report and Recommendation as the Opinion of the Court and denies Plaintiff's Objections and the Motion to Strike. Plaintiff's Complaint (ECF No. 1) will also be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m).

Plaintiff filed a pro se prisoner civil rights complaint in this Court on May 6, 2019 (ECF No. 1). The Complaint alleges that on May 6, 2016, Plaintiff was at McLaren Hospital in Lansing, MI, when Ionia Correctional Facility Corrections Officers Unknown Jones and John Doe ordered a strip search of his person (*id.* at PageID.2). It is alleged that the search was conducted in full view of hospital staff and that officers taunted and ridiculed Plaintiff during the episode (*id.*).

Per the Court's Order authorizing Plaintiff to proceed in forma pauperis (ECF No. 4) and FED R. CIV. P. 4(c)(3), the Court made reasonable efforts to identify and serve Unknown Jones

through the United States Marshals Service (ECF No. 10). On March 1, 2021, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m) for failure to take reasonable steps to provide accurate service information (ECF No. 39 at PageID.137).

The Magistrate Judge found that

Although a summons was served on an MDOC employee named Jones, it appears that this individual did not work at ICF and was not working on the date of the alleged incident. Thus, all reasonable efforts have been made to identify Unknown Jones. Based on the scope of the MDOC's investigation, two possibilities emerge. First, it appears that Plaintiff may have identified the wrong date of the incident. Second, he may have incorrectly identified Unknown Jones as the perpetrator of the alleged constitutional violation. Both may be true.

(*id.* at PageID.136).

Plaintiff's Objections state that there could be a third option: that the MDOC attorney Soros is lying (ECF No. 40 at PageID.139).[1] Plaintiff appears to be referring to the representations of MDOC Assistant Attorney General (AAG) Allan J. Soros in the "Statement in Reply to 'Order for Response (ECF No. 34)'" (ECF No. 35). Plaintiff's Objections also request that the Court order AAG Soros to present affidavits supporting the representations made in the Statement (ECF No. 40 at PageID.141).[2] Plaintiff further requests that the Court issue an order for McLaren Hospital to provide the names of the officers who transported Plaintiff to the hospital on May 4, 2016 and picked Plaintiff up on May 6, 2016 to return him to the correctional facility (*id.*).

---

[1] "Plaintiff has just found out today that the misconduct in which Defendant wrote on Plaintiff was written by Nicholas Bowerman who was the transporting officer. . . . Plaintiff named the wrong Defendant" (ECF No. 42 at PageID.146).
[2] "Plaintiff argues that the Court should require AAG Soros to present affidavits from the persons he referenced in his response, but AAG Soros has not appeared in this case, and the Court has no authority to order AAG Soros [to] provide affidavits" (ECF No. 39 at PageID.137).

In reviewing the objections, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The problem with Plaintiff's claim is there is no reason to doubt the sincerity of AAG Soros' representations, and Plaintiff's objections do not rebut the representations in the Statement or the Magistrate Judge's findings. Plaintiff states that he has medical records[3] from the hospital, that he has known the Officer Jones since 2013, that this officer was an acting sergeant in 2014 or 2015, and that this officer wrote up Plaintiff for misconduct in unit 4 in August/September 2013 (ECF No. 40 at PageID.141; Reply to Statement, ECF No. 38 at PageID.132). According to Plaintiff, the Court should order that this misconduct report be produced from Plaintiff's MDOC file to identify the unknown Officer Jones (ECF No. 40 at PageID.141). These allegations and requests do not respond to the representations in the Statement that "there was no record of Peterson being transported or obtaining medical services at McLaren Hospital on May 6, 2016" and "no officer with the surname Jones worked at ICF on May 6, 2016" (ECF No. 35 at PageID.105). The Magistrate Judge based the Report and Recommendation on these facts, and the Report and Recommendation is sound (ECF No. 39 at PageID.139). Plaintiff has failed to challenge the findings of fact and conclusion of the Magistrate Judge. Therefore, the Report and Recommendation is approved and adopted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 40) are DENIED.

---

[3] Plaintiff has not put forward any records to corroborate the claims and aid in identifying the Defendant for purposes of service.

**IT IS FURTHER ORDERED** that the Motion to Strike March 12, 2021 Objections and Allow Plaintiff to Amend his Complaint (ECF No. 42) is DENIED.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 39) is APPROVED AND ADOPTED.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

Dated: January 20, 2022     /s/ Janet T. Neff
JANET T. NEFF
United States District Judge